NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 14 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GEORGE CASTILLO,

      Plaintiff-Appellant,

v.

NANCY A. BERRYHILL, Acting Commissioner of the Social Security Administration,

      Defendant-Appellee.

No.   15-17257

D.C. No.
2:14-cv-00684-PHX-DJH

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
Diane J. Humetewa, District Judge, Presiding

Argued and Submitted June 15, 2017
San Francisco, California

Before:  SCHROEDER, FISHER,** and N.R. SMITH, Circuit Judges.

George Castillo appeals from the district court's order affirming the Social

---

*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**   The Honorable D. Michael Fisher, United States Circuit Judge for the U.S. Court of Appeals for the Third Circuit, sitting by designation.

1

Security Commissioner's denial of his June 2011 application for Social Security Disability Insurance benefits. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

We review *de novo* a district court's order affirming an Administrative Law Judge's (ALJ's) denial of Social Security benefits. *Ghanim v. Colvin*, 763 F.3d 1154, 1159 (9th Cir. 2014). We reverse "only if the ALJ's decision was not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard." *Id.* (quoting *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012)).

The ALJ did not err in declining to give controlling weight to Dr. R. Duane Hopson's assessment in the July 2012 supplemental questionnaire, which noted marked mental limitations in Castillo's ability to understand and remember detailed instructions; interact appropriately with the public, supervisors, and coworkers; and respond appropriately to workplace pressures and changes. The record does not support this assessment, *see Burrell v. Colvin*, 775 F.3d 1133, 1140 (9th Cir. 2014), and the ALJ discredited it based on "specific and legitimate reasons" supported by "substantial evidence," *Ghanim*, 763 F.3d at 1161 (internal quotation marks omitted).

As the ALJ noted, Dr. Hopson's prior treatment notes are inconsistent with

2

his July 2012 assessment. In February, September, and December 2011, Dr. Hopson indicated that Castillo's thought processes were normal, logical, and goal-directed; that his recent memory and remote memory were intact; and that his attention and concentration were either good or fair. In September and December 2011, Dr. Hopson noted that Castillo reported reduced anxiety, increased energy, fewer mood swings, feelings of hope and optimism, and that he was active in his church. Moreover, many of Castillo's own statements are inconsistent with Dr. Hopson's July 2012 assessment. In June 2011, Castillo indicated, for example, that he could pay attention for about two hours before having trouble concentrating, that he finishes what he starts, and that he does well following written instructions like recipes. Finally, notes from Castillo's examining physician are inconsistent with Dr. Hopson's July 2012 assessment. During a July 2012 consultation, Dr. James A. Pruitt noted — albeit briefly and in the context of a physical examination — that Castillo could follow three and four step commands without significant confusion or delay.[1]

The ALJ also did not err in finding that Castillo's medically determinable

---

[1] We do not think it is significant that Dr. Pruitt's notation stems from a physical examination of Castillo, not a psychiatric one. His notation plainly relates to Castillo's mental acuity. More important, it is but one (nondispositive) brick in the wall of evidence indicating that Dr. Hopson's July 2012 assessment is

mental impairments are not severe. In rating the degree of limitation in the four functional areas described in 20 C.F.R. § 404.1520a(c), the ALJ noted, and the record confirms, that Castillo does his own laundry, takes daily walks for exercise, is active in his church, lives on his own in an apartment unassisted, drives a car, rides the bus, shops for food at the grocery store, makes his own meals, and attends medical appointments on his own. Substantial evidence therefore supports the ALJ's conclusion that Castillo's mental ailments "do not cause more than minimal limitation in [his] ability to perform basic mental work activities." *See* 20 C.F.R. § 404.1520a(d)(1).

**AFFIRMED.**

---

controverted by the record.